## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Zhao Lin Liang, on behalf of himself and all other persons similarly situated,<br><br>        Plaintiff,<br><br>        - vs. -<br><br>Qin Lan, Inc. d/b/a Yumi Asian Bistro & Hibachi Steak House, Ai Lan Chen, and Karen Chen,<br><br>        Defendants. | DOCKET NO. 15-CV- 5174<br><br>**COMPLAINT** |

Plaintiff Zhao Lin Liang, by and through his undersigned attorneys, for his complaint against defendants Qin Lan, Inc. d/b/a Yumi Asian Bistro & Hibachi Steak House (hereinafter 'Yumi"), Ai Lan Chen, and Karen Chen, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.   Plaintiff Zhao Lin Liang alleges on behalf of himself and on behalf of other similarly situated current and

former employees of defendants Yumi, Ai Lan Chen, and Karen Chen, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Zhao Lin Liang further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iv) compensation for defendants' violation of the Wage Theft Prevention Act, and (v) liquidated damages pursuant to New York Labor Law for these violations.

**THE PARTIES**

3.   Plaintiff Zhao Lin Liang is an adult individual residing in Flushing, New York.

4.    Zhao Lin Liang consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant Yumi is a New York corporation with a principal place of business at 802 Pelham Parkway, Pelham Manor, NY 10803.

6.    At all relevant times, defendant Yumi has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Yumi has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Yumi has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.    Upon information and belief, at all relevant times, defendant Yumi has constituted an "enterprise" as defined in the FLSA.

10.   Upon information and belief, defendant Ai Lan Chen is an owner or part owner and principal of Yumi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.   Defendant Ai Lan Chen was involved in the day-to-day operations of Yumi and played an active role in managing the businesses.

12.   Upon information and belief, defendant Karen Chen is the manager and/or owner of Yumi, who has the power to set wages and schedules, hire and fire employees and maintain their records.

13.   Defendant Karen Chen was involved in the day-to-day operations of Yumi and played an active role in managing the businesses.

14.   Defendants constituted "employers" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

4

## COLLECTIVE ACTION ALLEGATIONS

17.   Pursuant  to  29  U.S.C.  §  206  and  §  207,  plaintiff seeks  to  prosecute  his  FLSA  claims  as  a  collective  action  on behalf  of  all  persons  who  are  or  were  formerly  employed  by defendants  at  any  time  since  July  3,  2012,  to  the  entry  of judgment  in  this  case  (the  "Collective  Action  Period"),  who were  non-exempt  employees  within  the  meaning  of  the  FLSA,  and who  were  not  paid  statutory  minimum  wages  and/or  overtime compensation  at  rates  not  less  than  one-and-one-half  times the  regular  rate  of  pay  for  hours  worked  in  excess  of  forty hours  per  workweek  (the  "Collective  Action  Members").

18.   The   Collective   Action   Members   are   similarly situated  to  plaintiff  in  that  they  were  employed  by  defendants as  non-exempt  restaurant  workers,  and  were  denied  payment  at the  statutory  minimum  wage  and/or  were  denied  premium overtime  pay  for  hours  worked  beyond  forty  hours  in  a  week.

19.   They   are   further   similarly   situated   in   that defendants  had  a  policy  and  practice  of  knowingly  and willfully  refusing  to  pay  them  the  minimum  wage  or  overtime.

20.   The  exact  number  of  such  individuals  is  presently unknown,  but  is  known  by  defendants  and  can  be  ascertained through  appropriate  discovery.

## FACTS

21.  At all relevant times herein, defendants owned and operated a restaurant in Pelham Manor, New York.

22.  Mr. Liang was employed by defendants from approximately February 2014 to May 2015, with approximately a month-long gap in his employment in or about April 2014.

23.  Mr. Liang was employed as a waiter, cleaner, and food preparer.

24.  Mr. Liang's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.  At all relevant times herein, Mr. Liang was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26.  Mr. Liang's regularly worked five days a week.  On three of those days he would work approximately 11 hours a day and 2 days he would work approximately 12 hours a day.

27.  As a result, Mr. Liang would regularly work approximately 57 hours per week.

28.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their actual time worked.

29. Mr. Liang was paid in cash initially at a rate of $15.00 per day; after four months his pay increased to $20.00 per day. He was paid on the first and 15th of each month.

30. As a result, Mr. Liang's effective rate of pay fell below the statutory federal and state minimum wages in effect at all relevant times.

31. In addition to his pay, Ms. Liang generally received tips during his employment.

32. Defendants never provided Mr. Liang with any record of tips received or tip allowances claimed.

33. Additionally, defendants never provided Mr. Liang with any notice regarding the "tip credit" and had no agreement in place with Mr. Liang regarding a tip credit.

34. Upon information and belief, defendants did not keep accurate records of the tips received by Mr. Liang or the other employees.

35. Defendants' failure to pay Mr. Liang an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

36. In addition, defendants willfully failed to pay Mr. Liang any overtime bonus for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law,

and the supporting New York State Department of Labor regulations.

37.   Defendants' failure to pay Mr. Liang the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

38.   Mr. Liang worked five shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

39.   Defendants failed to provide Mr. Liang with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – or obtained his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

40.   Defendants failed to provide Mr. Liang with wage statements reflecting his compensation and hours worked, in violation of the Wage Theft Prevention Act.

41.   Upon information and belief, throughout the period of Mr. Liang's employment, both before that time (throughout

the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Liang (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

44. Upon information and belief, these other individuals were not provided with required annual or weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Defendants' policy of paying Mr. Liang and these other individuals on a semi-monthly basis rather than on an

hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146- 2.5.

46. Upon information and belief, while defendants employed Mr. Liang and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

47. Mr. Liang, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, defendants employed Mr. Liang and the Collective Action Members within the meaning of the FLSA.

49. Defendants failed to pay a salary greater than the minimum wage to Mr. Liang and the Collective Action Members for all hours worked.

50. As a result of defendants' willful failure to compensate Mr. Liang and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour

worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

51.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

52.    Due to defendants' FLSA violations, Mr. Liang and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

53.    Mr. Liang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54.    At all relevant times, Mr. Liang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.    Defendants willfully violated Mr. Liang's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

56.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

57.   Due to defendants' New York Labor Law violations, Mr. Liang is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

58.   Mr. Liang, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.   At all relevant times, defendants employed Mr. Liang and each of the Collective Action Members within the meaning of the FLSA.

60.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

61.   As a result of defendants' willful failure to compensate their employees, including Mr. Liang and the

Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to defendants' FLSA violations, Mr. Liang and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

64. Mr. Liang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Mr. Liang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.   Defendants willfully violated Mr. Liang's rights by failing to pay his full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 146.

67.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

68.   Due to defendants' New York Labor Law violations, Mr. Liang is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT V

### (New York Labor Law — Spread of Hours)

69.   Mr. Liang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70.   At all relevant times, Mr. Liang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.   Defendants willfully violated Mr. Liang's rights by failing to pay him an additional hour's pay at the minimum

14

wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

72. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

73. Due to defendants' New York Labor Law violations, Mr. Liang is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT VI

### (New York Labor Law – Frequency of Pay)

74. Mr. Liang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, Mr. Liang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated Mr. Liang's rights by failing to pay him his wages owed within one week after the week in which his wages were earned, in violation of New York Labor Law § 191.

77.  Defendants' failure to pay wages on the applicable schedule, was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78.  Due to defendants' New York Labor Law violations, Mr. Liang is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law — Wage Theft Prevention Act)

79.  Mr. Liang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80.  At all relevant times, Mr. Liang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81.  Defendants willfully violated Mr. Liang's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

82. Defendants willfully violated Mr. Liang's rights by failing to provide him with wage statements required by the Wage Theft Prevention Act at any time during his employment.

83. Due to defendants' New York Labor Law violations relating to lack of a wage notice upon hiring, Mr. Liang is entitled to recover from defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

84. Due to defendants' New York Labor Law violations relating to lack of wage statements with her pay, Mr. Liang is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of her employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Liang respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency

of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Liang and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory

minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premium required by New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 2, 2015,

_____
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001

(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

# **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Yumi Asian Bistro & Hibachi Steak House and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


Name: Liang, Zhaolin
Date: June 29, 2015